IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DERRICK DIONTAY HARDEN,

    Plaintiff,

v.

WARDEN TOM GRAMIAK, et al.,

    Defendants.

CIVIL ACTION NO.: 5:17-cv-153

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff originally filed this cause of action in the Ware County, Georgia Superior Court, and Defendants filed a notice of removal in this Court. Doc. 1. Defendants filed a Motion to Dismiss, claiming Plaintiff has failed to prosecute this action and failed to respond to this Court's Order. Doc. 11-1 at 1. For the following reasons, I **RECOMMEND** the Court **GRANT as unopposed** Defendants' Motion to Dismiss, doc. 11, **DISMISS** the Complaint, doc. 1, for Plaintiff's failure to follow this Court's Orders and failure to prosecute, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

### BACKGROUND

Plaintiff filed his 42 U.S.C. § 1983 Complaint to contest certain events allegedly occurring while he was incarcerated at Ware State Prison in Waycross, Georgia. Doc. 1. Plaintiff claims that Defendants violated his First Amendment rights by interfering with his access to courts. Doc. 1-1 at 22. As noted above, Plaintiff originally filed his cause of action in the Ware County Superior Court, but Defendants removed the cause of action to this Court.

Doc. 1.  After removal, the Court entered a Scheduling Order instructing Plaintiff that he was responsible for informing the Court and defense counsel immediately of any change of address and that failure to do so may result in the dismissal of his case.  Doc. 4 at 3.  However, when the Clerk of Court mailed Plaintiff a copy of an August 8, 2018 Order granting the parties additional time to complete discovery, that Order was returned as undeliverable.  Doc. 9.  A subsequent case reassignment Order was also returned, doc. 10, and both returned Orders indicated that Plaintiff had been released from prison.

After the second Order was returned as undeliverable, Defendants filed a Motion to Dismiss Plaintiff's action for failure to prosecute and failure to comply with a Court Order.  Doc. 11.  Defendants indicated they attempted to notice Plaintiff's deposition, but Plaintiff had failed to update his address.  Id. at 2.  Defendants attached a Georgia Department of Corrections' document reflecting that Plaintiff had been released from state custody.  Doc. 11-3.  The Court then entered an Order on October 12, 2018 directing Plaintiff to file a response either opposing or indicating his lack of opposition to Defendant's Motion to Dismiss within 21 days.  That Order also was returned as undeliverable, doc. 13, and as of the date of this Order, Plaintiff has not filed any documents in this case since March 9, 2018, doc. 5.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's directives.  For the reasons set forth below, I **RECOMMEND** the Court **GRANT** Defendants' unopposed Motion to Dismiss, **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

I.     **Dismissal for Failure to Prosecute and Failure to Follow this Court's Order**

A district court may dismiss claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).[1]  In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem.

---

[1]     In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. In this case, the Court forewarned Plaintiff that his failure to comply with its Orders may result in the dismissal of his Complaint. Doc. 4 at 3; Doc. 12.

3

Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  However, such a dismissal is warranted in this case.  Plaintiff has disregarded multiple Orders directing him to update his current address and to respond to Defendants' Motion to Dismiss.  Doc. 4 at 3; Doc. 12.  With Plaintiff having failed to file a response to this Court's Orders and Defendants unable to locate and depose Plaintiff, this case cannot proceed.  Moreover, though Plaintiff was given ample time to follow the Court's directives, he has not made any effort to do so or to inform the Court as to why he cannot comply with its directives.  Indeed, Plaintiff has not taken any action in this case since filing a motion for appointment of counsel on March 9, 2018.  Doc. 5.

Thus, I **RECOMMEND** the Court **GRANT** Defendants' unopposed Motion to Dismiss, **DISMISS** Plaintiff's Complaint, doc. 1, for failure to prosecute and failure to follow this Court's Orders, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim

4

or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND**  the Court **GRANT** Defendants' Motion to Dismiss as unopposed, **DISMISS** this action, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.  I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff at his last known address and Defendants.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of July, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA